**Mansukhlal Manganial KOTECHA; Nirpumma Kotecha, Petitioners,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–74050.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 28, 2009.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Manuel A. Palau, Stephen Ponticiello,

Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Mansukhlal Manganial Kotecha and his wife Nirpumma Kotecha, natives and citizens of India, petition for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Lim v. INS, 224 F.3d 929, 933 (9th Cir.2000), and we deny the petition for review.

The record does not compel the conclusion that the threatening phone calls Kotecha received and his two arrests while attending Congress party meetings rise to the level of past persecution. See id. at 936–37 (holding that threats standing alone do not constitute past persecution unless so menacing to cause actual harm); Prasad v. INS, 47 F.3d 336, 339–40 (9th Cir. 1995) (minor abuse of Indo–Fijian during 4–6 hour detention did not compel a finding of past persecution). Substantial evidence also supports the IJ's finding that Petitioners' fear of future persecution is not objectively reasonable. See Singh v. INS, 134 F.3d 962, 967–69 (9th Cir.1998). Accordingly, their asylum claim fails.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.